IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201,<br><br>Plaintiff,<br><br>v.<br><br>ROMANO'S MACARONI GRILL—COLUMBIA,<br>6181 Columbia Crossing Circle<br>Columbia, MD 21045<br><br><br><br>Defendant. | Civil Action No.<br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Christopher Pilz, who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("the EEOC" or "the Commission") alleges that Defendant Romano's Macaroni Grill—Columbia unlawfully discriminated against Pilz by discharging him because of his actual disability in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42

1

U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Romano's Macaroni Grill—Columbia, has continuously been a corporation doing business in the State of Maryland and the City of Columbia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Christopher Pilz filed a Charge of Discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Christopher Pilz has been a qualified individual with an actual disability as defined by the ADA. Christopher Pilz has an intellectual disability (mental retardation). As a result of his intellectual disability, Pilz is substantially limited in the major life activity of, including but not limited to, brain function.

9. Pilz began working for Defendant part-time in October 2007 as a Server Assistant, performing table bussing duties. He performed this job successfully until his discharge on or around April 21, 2010.

10. On or about April 21, 2010, Defendant engaged in unlawful employment practices at its Columbia, Maryland restaurant, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) when it discharged Pilz from his Server Assistant position due to his disability. Defendant General Manager discharged Pilz for an alleged violation of its cell phone use policy; however, Pilz did not violate this policy. Alternatively, non-mentally disabled employees were written up and not discharged for violating the cell phone use policy.

11. The effect of the practices complained of in Paragraphs 8-10 has been to deprive Pilz of equal employment opportunities and otherwise adversely affected his status as an employee because of his disability.

12. The effect of the practices complained of in Paragraphs 8-10 has been to deprive Pilz, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in lost wages, emotional pain, suffering,

3

inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

13. The unlawful employment practices complained of in Paragraphs 8-10 were intentional.

14. The unlawful employment practices complained of in Paragraphs 8-10 were done with malice or with reckless indifference to the federally protected rights of Christopher Pilz.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of a disability.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Christopher Pilz, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.  Order Defendant to make whole Christopher Pilz by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraph 10 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in amounts to be determined at trial.

E.  Order Defendant to pay Christopher Pilz punitive damages for its malicious and reckless conduct, as described in Paragraph 10, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

*/s/ Maria Salacuse*
MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562

*/s/ Lindsey White*
LINDSEY ANNE WHITE
Trial Attorney
Bar No. 29183
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)
Lindsey.white@eeoc.gov